ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd Suite 130
Las Vegas NV 89119
Telephone: (702) 614-0600
*Attorney for Trustee*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| In re: | Case No. 24-50132-hlb |
|---|---|
| | Chapter 7 |
| CAREER COLLEGES, INC., | |
| | **NOTICE OF ENTRY OF ORDER** |
| Debtor. | |

   PLEASE TAKE NOTICE that an order, which is attached hereto, was entered in the above-captioned matter.

DATED: December 31, 2024                **ATKINSON LAW ASSOCIATES LTD.**

                                        By:      /s/ Robert E. Atkinson
                                          ROBERT E. ATKINSON, ESQ.
                                          Nevada Bar No. 9958
                                          *Attorney for Trustee*

-1-

_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
December 31, 2024

_____

ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Christopher P. Burke, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. 24-50132-hlb |
|---|---|
| CAREER COLLEGES, INC. | Chapter 7 |
| Debtor. | **ORDER APPROVING STIPULATION RESOLVING OBJECTION TO CLAIM 14 AND MOTION FOR TURNOVER** |

The Court reviewed and considered the STIPULATION RESOLVING OBJECTION TO CLAIM 14 AND MOTION FOR TURNOVER [ECF #73] (the "***Stipulation***").

Good cause appearing,

///

///

///

///

///

///

-1-

-2-

**IT IS HEREBY ORDERED:**

      1.      The Stipulation, attached hereto as Exhibit 1, is approved.

      2.      Proof of claim 14 filed by Tuition Options LLC shall be an allowed claim as follows: $210,000 secured and $308,248.30 unsecured.

      3.      The Trustee shall file a notice of abandonment of the remaining RIC receivables to the Creditor, on the basis that they are the Creditor's secured collateral, using the local rules for negative notice of abandonment.

      4.      The Trustee's objection entitled OBJECTION TO CLAIM NO. 14 and MOTION FOR TURNOVER [ECF #53] is deemed withdrawn (because the Stipulation resolves that objection), and the hearing on this item, currently set for January 8, 2025 at 2:30 p.m., shall be vacated.

**IT IS SO ORDERED**.

                                        # # # # #

Respectfully submitted by:

By:    /s/ Robert Atkinson
     ROBERT E. ATKINSON, ESQ.
     Nevada Bar No. 9958
     *Attorney for Christopher P. Burke, Trustee*

# EXHIBIT 1

# to

# ORDER

```
ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
ATKINSON LAW ASSOCIATES LTD.
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
```
*Attorney for Christopher P. Burke, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CAREER COLLEGES, INC.,<br><br>Debtor. | Case No. 24-50132-hlb<br>Chapter 7<br><br>**STIPULATION RESOLVING OBJECTION TO CLAIM 14 AND MOTION FOR TURNOVER** |

CHRISTOPHER P. BURKE, the chapter 7 trustee of the above-captioned bankruptcy estate ("***Trustee***") and claimant TUITION OPTIONS LLC ("***Creditor***") hereby stipulate and agree as follows:

WHEREAS, pre-bankruptcy, the above-captioned debtor ("***Debtor***") operated a college focused on technical careers, such as welding. Students paid tuition and associated costs to Debtor in exchange for the education rendered; and

WHEREAS, many of the Debtor's students paid their tuition using student loans, self-financed by the Debtor; however, Debtor is not a financial institution, so the student loans were technically not loans, but instead were retail installment contracts ("***RICs***"); and

WHEREAS, Creditor is a servicer of student loans/RICs; and

WHEREAS, on July 19, 2023, Creditor and the Debtor entered into a loan agreement for which the Creditor provided Debtor with a loan in the principal amount of $600,000 ("***Loan***"); and

WHEREAS, on or about July 19, 2023, the Debtor and Creditor entered into a security agreement ("***Security Agreement***"), whereby Debtor pledged its RIC receivables as collateral for the Loan; and

1

WHEREAS, Section 7(b) of the Security Agreement states that Debtor authorizes Creditor to file a UCC-1 in order to perfect the security interest; and

WHEREAS, Creditor filed a UCC-1 on February 12, 2024; and

WHEREAS, on or about July 31, 2024, Creditor and Debtor entered into a servicing agreement ("**_Servicing Agreement_**") in which Creditor became the student loan/RICs servicer for Debtor; and

WHEREAS, pursuant to the Servicing Agreement, Creditor serviced and collected accounts receivables from students due on the RICs, and forwards the proceeds to Debtor less Creditor's fees and other amounts to which Creditor is entitled pursuant to the terms of the Servicing Agreement; and

WHEREAS, on February 9, 2024 ("**_Petition Date_**"), Debtor filed this bankruptcy case; and

WHEREAS, on June 11, 2024, Creditor filed proof of claim 14 in this bankruptcy case ("**_Claim 14_**") in the amount of $518,248.30, as a secured claim; and

WHEREAS, post-petition, Creditor has collected approximately $140,000 in Debtor's RIC receivables; and

WHEREAS, applying the post-petition amounts collected against the Petition Date loan balance (but excluding post-petition interest), Creditor is still owed approximately $378,000; and

WHEREAS, on October 15, 2024, the Trustee filed an objection to claim 14 ("**_Objection_**"), objecting to the security interest claimed by Creditor (on the basis that it was not perfected via a pre-petition UCC-1); and furthermore seeking turnover of all amounts collected post-petition by Creditor; and

WHEREAS, Creditor notes that it is in possession of the collateral, and therefore asserts that it is perfected under New Jersey law; and

WHEREAS, Creditor further provided information to the Trustee that the remaining RIC portfolio is worth only an estimated $77,000; and

WHEREAS, based on the information provided, the Trustee and Creditor have reached a resolution of the Objection, on the terms contained below; and

WHEREAS, the Trustee concurs that the secured portion of the filed Claim 14 is equal to $210,000 (=$140,000 + $77,000), and that the remaining portion of Claim 14 ($308,248.30) is unsecured;

**THEREFORE**, the parties hereto hereby stipulate as follows:

1. Claim 14 shall be an allowed claim as follows: $210,000 secured and $308,248.30 unsecured.

2. The Trustee shall file a notice of abandonment of the remaining RIC receivables to the Creditor, on the basis that they are the Creditor's secured collateral, using the local rules for negative notice of abandonment.

**IT IS SO STIPULATED.**

# # # # #

DATED: December 31, 2024         **ARCHER & GREINER, P.C.**

By: /s/ Harrison Breakstone
      HARRISON H.D. BREAKSTONE, ESQ.
      *Attorney for Claimant*

DATED: December 31, 2024         **ATKINSON LAW ASSOCIATES LTD.**

By: /s/ Robert Atkinson
      ROBERT E. ATKINSON, ESQ.
      *Attorney for Christopher P. Burke, Trustee*